UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DEREK WILLIAMS; WILLIAMS DEREK
IRREVOCABLE LIVING TRUST

                     Plaintiffs,

-against-

AUDUBON TP4 LLC, ET AL.,

                     Defendants.

23-CV-8758 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff Derek Williams, who is appearing *pro se*, brings this action under 42 U.S.C. § 1983, on behalf of himself and the Williams Derek Keith Irrevocable Living Trust ("the Trust"). He asserts that Defendants violated his rights in a holdover proceeding in the Civil Court of the City of New York, County of New York, Housing Part ("Civil Court"). Plaintiff requests preliminary injunctive relief and a temporary restraining order ("TRO"), seeking to enjoin the state court's allegedly unlawful eviction order. (ECF 3.) By order dated October 6, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court denies Plaintiff's request for preliminary injunctive relief and a temporary restraining order and dismisses this action.

## STANDARD OF REVIEW

      The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Derek Williams brings this action on behalf of himself and the Trust, seeking relief from an allegedly unlawful order of eviction issued by Judge Jack Stoller in the Civil Court action. He invokes federal question jurisdiction, cites to 42 U.S.C. § 1983 and other statutory provisions, and asserts that Defendants have violated "conditional rights, human rights, [and]

property rights." (ECF 1, at 8.)[1] Plaintiff sues the following: (1) Audubon TP4 LLC ("Audubon"), his landlord; (2) Ann Roberts, an attorney representing Audubon; (3) Jack K. Stoller, the judge presiding over the Civil Court case; (4) Thomas J. Bia, a City Marshal; (5) TaTanisha D. James, a judge in the New York Supreme Court, Appellate Term, First Department ("Appellate Term"); (6) J. Delacruzzapata, an officer from the New York City Police Department ("NYPD"); (7) Jonathen, a person who assisted with the eviction; (8) Richard Bianrosa, an NYPD officer; (9) Christopher Spring, Audubon's Property Executive; (10) Dominick Matthew Giannotto, an attorney; (11) Adolfo Carrion, the Commissioner of the New York City Department of Housing Preservation and Development ("HPD"); and (12) Rowan D. Wilson, the Chief Judge of the New York Court of Appeals. Plaintiff seeks restoration of his tenancy, reimbursement of court expenses, money damages, and injunctive relief, including the arrest of the "wrongdoers" for "security fraud/identity theft." (*Id*. at 13.)

The following information is taken from the complaint. Plaintiff, a participant in the federally subsidized Section 8 Housing Choice Voucher Program, resided in an apartment located in a building owned by Audubon at 2321 Adam Clayton Powell Boulevard in New York, New York. According to Plaintiff, the tenant on the lease agreement was the Trust. On November 3, 2023, Roberts, on behalf of Audubon, filed a holdover petition against Plaintiff in the Civil Court, asserting that Plaintiff had failed to recertify his Section 8 tenancy and seeking rent arrears in the amount of $105,987.62.[2] On July 26, 2023, Judge Stoller held a bench trial,

---

[1] Plaintiff writes using irregular capitalization. For readability, the Court uses standard capitalization when quoting from the amended complaint. All other grammar, spelling, and punctuation are as in the original unless otherwise indicated.

[2] Plaintiff attaches to the complaint multiple documents from the state court action, including a copy of the holdover petition. The petition is date-stamped August 7, 2023, indicating it was filed on that date in the Civil Court. (ECF 1, at 37-38.)

3

which Plaintiff contends was an "improper court proceeding resulting in an inquest hearing." (*Id*. at 12.) Judge Stoller allowed Giannotto, a "volunteer attorney without standing," to appear on behalf of Roberts; Plaintiff also alleges that a witness perjured himself with "false testimony." (*Id*. at 12, 18) That same day, Judge Stoller issued a decision granting Audubon's request for a warrant of eviction against Plaintiff. (*Id*. at 34-36.) That order was based on certain "visual evidence," which was admitted without being "validated or inspected." (*Id*. at 12.)

Plaintiff appealed the eviction order to the Appellate Term, but on September 8, 2023, Judge James of that court denied the appeal without a reason. On September 12, 2023, City Marshal Bia appeared to execute the warrant of eviction, but upon being shown a lease bearing the name of the Trust, he left. On September 28, 2023, however, Defendant Bia returned with Defendants Officer Bianrosa and Officer Delacruzzapata and unlawfully evicted Plaintiff and his possessions from the apartment with the assistance of Defendant Jonathen.

Plaintiff brings this action contending that both the bench trial and order of eviction were "fraudulent" as he is not the tenant of the apartment, that "the rightful owner to the unit" is the Trust (*Id*. at 1.) He asserts that the state court proceedings violated his constitutional rights and he seeks an order "declaring [his] continued and prolonged eviction unlawful" and directing Audubon "to release" the apartment back to the Trust. (*Id*. at 2.) As well as citing to Section 1983, Plaintiff references multiple statutory provisions for relief, including 15 U.S.C. § 1635, 28 U.S.C. § 1446, 28 U.S.C. § 224, and 28 U.S.C. § 1651.

## DISCUSSION

**A.     Proceeding *Pro Se* on Behalf of a Trust**

Corporations, nonprofit organizations, and other artificial entities cannot proceed *pro se*. *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993) (noting that "lower courts have uniformly held that 28 U.S.C. § 1654, providing that "parties

4

may plead and conduct their own cases personally or by counsel," does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney") (citations omitted); *see also Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983) (noting that "it is established that a corporation, which is an artificial entity that can only act through agents, cannot proceed *pro se*"). "A trust is deemed an artificial entity for the purposes of the rule barring a nonlawyer trustee from representing the interests of the trust." *Bell v. S. Bay Eur. Corp.*, 486 F. Supp. 2d 257, 259 (S.D.N.Y. 2007). Thus, the claims brought on behalf of the Trust are dismissed without prejudice to the Trust retaining counsel and initiating its own action.

B.    **Complaint Relationship to State Court Action**

Plaintiff brings this action seeking injunctive relief from the Civil Court's eviction order and immediate restoration of the Trust's alleged tenancy. It is unclear from Plaintiff's complaint the status of the state court action. Whether the holdover proceeding is ongoing or has terminated, however, the Court is barred from granting Plaintiff's request for relief.

1.    *Younger* **abstention**

To the extent that Plaintiff is asking the Court to grant injunctive or declaratory relief with respect to matters in an ongoing action in the Civil Court, the Court must abstain from hearing his claims. The *Younger* abstention doctrine cautions federal courts against enjoining or otherwise interfering in ongoing state proceedings. *See Sprint Comms., Inc. v. Jacobs*, 571 U.S 69, 77–78 (2013) (defining "*Younger's* scope"); *see generally Younger v. Harris*, 401 U.S. 37, 43–45 (1971). *Younger* abstention is appropriate in three categories of state court proceedings: (1) state criminal prosecutions; (2) civil enforcement proceedings that are "akin to criminal prosecutions"; and (3) civil proceedings "that implicate a State's interest in enforcing the orders and judgments of its courts." *Sprint*, 571 U.S. at 72-73.

In *Sprint*, the United States Supreme Court held that, among other circumstances, the *Younger* abstention doctrine must be applied to federal-court actions that would, in the absence of this doctrine, intervene in state-court civil proceedings that implicate a State's interest in enforcing the orders and judgments of its courts." *Id.* at 72-73. When a plaintiff "seek[s] injunctive relief relating to the same property that is the subject matter of the underlying state court action[,] [this] *Sprint* prong applies." *Abbatiello v. Wells Fargo Bank, N.A.*, No. 15-CV-4210, 2015 WL 5884797, at *4 (E.D.N.Y. Oct. 8, 2015); *see Clark v. Bloomberg*, No. 10-CV-1263, 2010 WL 1438803, at *2 (E.D.N.Y. Apr. 12, 2010) (holding that *Younger* abstention doctrine precludes federal district court from staying pending state-court foreclosure and eviction proceedings because "both concern the disposition of real property and hence implicate important state interests, and there is no reason to doubt that the state proceedings provide [the plaintiff] with an adequate forum to make the arguments he seeks to raise in this court").

Plaintiff's complaint appears to be a request that this Court intervene in the state court action by nullifying the eviction order and restoring the Trust's tenancy. If the Civil Court's eviction proceedings are ongoing, this conduct that would implicate the state's interest in enforcing the orders and judgments of its courts. To the extent Plaintiff is seeking relief from this Court in an ongoing state court action, *Younger* abstention applies and bars the relief Plaintiff is seeking.

C.   ***Rooker-Feldman* Doctrine**

To the extent that Plaintiff challenges the final outcome of any of his state court proceedings, his claims are barred under the *Rooker-Feldman* doctrine. The doctrine – created by two Supreme Court cases, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983) – precludes federal district courts from reviewing final judgments of the state courts. *Exxon Mobil Corp. v.*

*Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (holding that federal district courts are barred from deciding cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments"). The *Rooker-Feldman* doctrine applies where the federal-court plaintiff: (1) lost in state court, (2) complains of injuries caused by the state-court judgment, (3) invites the district court to review and reject the state court judgment, and (4) commenced the district court proceedings after the state-court judgment was rendered. *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014).

The Court does not have authority to grant Plaintiff relief from a state court action that has been terminated. To the extent Plaintiff is asking this Court to review or reject the holdings of his previous state court proceedings that he alleges have caused him injury, such claims are barred by the *Rooker-Feldman* doctrine and are dismissed.

**D.     Section 1983**

Even if Plaintiff's claims arising out of the holdover proceedings were not barred by the *Younger* abstention or *Rooker-Feldman* doctrines, his assertions that Defendants violated his rights under 42 U.S.C. § 1983 must still be dismissed. Section 1983 provides redress for a deprivation of federally protected rights by persons acting under color of state law. 42 U.S.C. § 1983; *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-57 (1978). To state a Section 1983 claim, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a " state actor." *West v. Atkins*, 487 U.S. 42, 48 (1988).

**2.     Judicial and Quasi-Judicial Immunity**

The Court must dismiss Plaintiff's Section 1983 claims against Civil Court Judge Jack Stoller, Appellate Term Judge TaTanisha James, Chief Judge Rowan Wilson of the Court of

7

Appeals, City Marshal Bia, Officer Bianrosa, Officer Delacruzzapata, and Jonathen.[3] Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). In addition, Section 1983, as amended in 1996, provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Judicial immunity does not apply when the judge takes action "outside" his judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles,* 502 U.S. at 9-10; *see also Bliven,* 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978).

Absolute judicial immunity has been extended to "some officials who are not judges but who perform functions closely associated with the judicial process." *Dorman v. Higgins*, 821

---

[3] It is clear that the judges and the City Marshal are state actors subject to Section 1983 liability. *See, e.g., West*, 487 U.S. at 50 ("[G]enerally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law."). Plaintiff does not, however, allege sufficient facts concerning Jonathen's status as a state actor, only alleging that he was a person who assisted with his eviction from the apartment. For the sole purpose of this order, the Court presumes Jonathen's status as a state actor and analyzes whether Plaintiff has established that he was deprived of a federal right with respect to the eviction. The Court notes, however, that if Jonathen is not a state actor, as analyzed below, he cannot be subject to Section 1983 liability.

F.2d 133, 137 (2d Cir. 1987) (citation and internal quotation marks omitted). Courts have generally found that law enforcement officials are protected by quasi-judicial immunity when performing discretionary acts of a judicial nature which are essential to the judicial process, such as the execution of court orders. *See Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985) (holding that probation officers are entitled to quasi-judicial immunity for carrying out a court order); *Harley v. Guida*, No. 19-CV-6152, 2022 WL 4539510, at *4 (E.D.N.Y. Sept. 28, 2022) (City Marshal is immune from suit for executing a facially valid eviction warrant); *Bowers v. U.S.*, 931 F. Supp. 2d 358, 367 (D. Conn. 2013) ("Several district courts in this Circuit have found the execution of valid court orders to entitle sheriffs and others to absolute quasi-judicial immunity.") (collecting cases); *Morris v. Katz*, No. 11-CV-3556, 2011 WL 3918965, at *4 (E.D.N.Y. Sept. 4, 2011) (holding that where plaintiff "seeks to hold [City Marshal] liable based upon his execution of a facially valid warrant of eviction in accordance with his duty to carry out mandates of the court, the action against him must be dismissed on the basis of quasi-judicial immunity"); *Maldonado v. New York Cnty. Sheriff*, 2006 WL 2588911, at *5 (S.D.N.Y. Sept. 6, 2006) ("[P]ersons who faithfully execute valid court orders are absolutely immune from liability for damages in actions challenging conduct authorized by the order.") (citation omitted).

Plaintiff does not allege any facts showing that Judges Stoller, James, or Wilson acted beyond the scope of their judicial responsibilities or outside their jurisdiction. *See Mireles*, 509 U.S. at 11-12. Because the Court understands Plaintiff to be suing Judges Stoller, James, and Wilson for "acts arising out of, or related to, individual cases before [them]," they are immune from suit for such claims. *Bliven*, 579 F.3d at 210. Furthermore, as Bia was acting within the scope of his authority in executing the Civil Court's facially valid eviction warrant, and

Bianrosa, Delacruzzapata, and Jonathen were assisting him with that process, they are entitled to quasi-judicial immunity.

The Court therefore dismisses Plaintiff's claims for money damages against Stoller, James, Wilson, Bia, Bianrosa, Delacruzzapata, and Jonathen because he seeks monetary relief against defendants who are immune from such relief, 28 U.S.C. § 1915(e)(2)(B)(iii), and, consequently, the claims are frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the in forma pauperis statute].").

### 3. Private Parties

Plaintiff's claim against Audubon, Roberts, Spring, and Giannotto must also be dismissed. A claim for relief under Section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 983. Private parties therefore generally are not liable under the statute. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). As Defendants Audubon, Roberts, Spring, and Giannotto are private parties who are not alleged to work for any state or other government body, Plaintiff has not stated a claim against these defendants under Section 1983.

### 4. Personal Involvement

The Court also dismisses Plaintiff's claims against Commissioner Carrion. To state a claim under Section 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal

involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted). A defendant may not be held liable under Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official . . . ." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff does not allege any facts showing how Commissioner Carrion was personally involved in the events underlying his claims. Plaintiff's claims against Carrion are therefore dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**E.     Removal of State Court Holdover Proceeding**

Plaintiff cites to 28 U.S.C. § 1446, which provides the procedure for removal of civil actions, and suggests that he would like to remove to this court the Civil Court's holdover action. To the extent Plaintiff's complaint could be read as a notice of removal, it suffers from procedural defects, and Plaintiff does not establish that this Court has subject matter jurisdiction of the holdover action.

   **1.     Timeliness**

As an initial matter, a notice of removal must be filed within 30 days of the defendant's receipt of a pleading, motion, or other paper indicating grounds for removal. 28 U.S.C. § 1446(b)(1). "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be

11

ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). "[T]he 30-day removal periods of 28 U.S.C. §§ 1446(b)(1) and (b)(3) are not triggered until the plaintiff serves the defendant with an initial pleading or other document" in the case that demonstrates removability. *Cutrone v. Mortg. Elec. Registration Sys., Inc.*, 749 F.3d 137, 148 (2d Cir. 2014).

Plaintiff alleges that the holdover petition was filed in the state court on November 3, 2022. (ECF 1, at 12.) He does not allege when he was served with the petition, but he references multiple proceedings that occurred more than 30 days before he filed this action, including the alleged unlawful bench trial that occurred on July 26, 2023. It therefore appears that Plaintiff's attempted removal of the state court action is untimely.[4]

### 2. Subject matter jurisdiction

Moreover, a defendant in a state court action may remove a matter to a federal district court only if the district court has original jurisdiction of the action. *See* 28 U.S.C. § 1441(a); *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 591 (2005) ("The Supreme Court has interpreted [28 U.S.C.] § 1441 to prohibit removal unless the entire action, as it stands at the time of removal, could have been filed in federal court in the first instance."). Removal based on federal question jurisdiction is proper "only if the federal question appears plainly on the face of a 'well-pleaded complaint.'" *Fax Telecomm. Inc. v. AT&T*, 138 F.3d 479, 486 (2d Cir. 1998).

Here, Plaintiff does not allege any facts suggesting that the Court has original jurisdiction of the state court action. The petition presents a simple landlord-tenant dispute over nonpayment of rent, a matter of which federal courts do not have jurisdiction. *See Ally v. Sukkar*, 128 F.

---

[4] Plaintiff makes no argument that it could not be ascertained until recently that the case was removable. 28 U.S.C. § 1446(b)(3).

App'x 194, 195 (2d Cir. 2005) (amended summary order) ("[A] landlord-tenant dispute [is one] over which the federal courts simply have no [federal question] jurisdiction."); *United Mut. Houses, L.P. v. Andujar*, 230 F. Supp. 2d 349, 354 (S.D.N.Y. 2002) (noting that "the landlord-tenant relationship is fundamentally a matter of state law" and that "[t]ime and again, district courts have disclaimed jurisdiction over landlord-tenant disputes" (citation and quotations marks omitted)). Furthermore, the Court lacks diversity jurisdiction of the state court matter because all of the parties appear to be residents of the State of New York. *See* 28 U.S.C. § 1332(a).

### 3. Action adjudicated in state court

As noted above, it is not clear from Plaintiff's complaint whether the Civil Court case has been terminated. When a state court has entered final judgment in an action, that case cannot be removed to federal court. *See Four Keys Leasing & Maint. Corp. v. Simithis*, 849 F.2d 770, 774 (2d Cir.1988) (holding that granting permission to remove a case after entry of a final state-court judgment "would be a perversion of the removal process"); *Murray v. Deer Park Union Free Sch. Dist.*, 154 F. Supp. 2d 424, 426 (E.D.N.Y. 2001) ("[A] final judgment . . . not be removed to this Court so that the plaintiff can relitigate issues already decided by the state court."); *Credit One, LLC v. Head*, No. 09-CV-1852, 2010 WL3058916, at *1 (D. Conn. 2010) (rejecting *pro se* plaintiff's attempt to remove closed state action and explaining that federal district courts "do not sit as courts of appeal over state court judges"). Plaintiff may not seek the removal of a state court action in which a final judgment has been entered.

For the reasons stated, removal of this action is improper. The Court need not remand this improperly removed action, which may have already been adjudicated in the state court.

### F. Remaining Statutory Claims

Plaintiff references many other statutory provisions in the complaint, including 15 U.S.C. § 1635, a provision of the Truth in Lending Act ("TILA") concerning the right of rescission; 28

13

U.S.C. § 2241, a provision to bring a petition for a writ of *habeas corpus*; and 28 U.S.C. § 1651, the All Writs Act. Because Plaintiff does not allege any facts indicating how these statutes are applicable to his claims, the Court finds that he has failed to state claims under these laws on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(iii)

### G.    Leave to Amend is Denied

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Court dismisses the complaint for the reasons set forth above. All other pending matters in this action are terminated.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this action.

SO ORDERED.

Dated:   December 5, 2023
         New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge